IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. JAMES M. SMITH

**Direct Appeal from the Circuit Court for Williamson County**
**No. 1-1198-381, Cornelia A. Clark, Trial Judge**

_____

**No. M1999-00252-CCA-R3-CD - Decided April 20, 2000**

_____

Following entry of a guilty plea to violation of the Motor Vehicle Habitual Offender's Act, the appellant, James M. Smith, was sentenced to two years in a community based alternative program and was ordered to serve ninety days in the county jail. In this appeal pursuant to Tenn. R. App. P. 3(b), he contends that the trial court erred by failing to impose a totally non-incarcerative sentencing alternative. After performing a *de novo* review, we conclude that the record supports the trial court's conclusion that some period of confinement is necessary.

**Tenn. R. App. P. 3(b) Appeal as of Right; Judgment of the Circuit Court affirmed.**

HAYES, J., delivered the opinion of the court, in which SMITH, J., and OGLE, J., joined.

E. Covington Johnston, Jr., Franklin, Tennessee, attorney for appellant, James M. Smith

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Marvin E. Clements, Jr., Assistant Attorney General, Ronald L. Davis, District Attorney General, and Jeff Burks, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The appellant, James M. Smith, appeals the sentencing decision of the Williamson County Circuit Court. Following a guilty plea to violation of the Motor Vehicle Habitual Offender's Act, the appellant was sentenced to two years in a community based alternative program and was ordered to serve ninety days in the county jail. On appeal, he argues that the trial court erred in not granting probation or a non-incarcerative sentencing alternative.

After review, we affirm the sentence imposed by the trial court.

### Background

The appellant was declared a motor vehicle habitual offender by order of the Williamson County Circuit Court entered on January 31, 1990. On July 15, 1998, while returning from his daughter's residence, the appellant failed to come to a complete stop at a stop sign. He was stopped by a police officer who discovered that the appellant had been declared a motor vehicle habitual offender. The appellant was then charged with driving while being declared a motor vehicle habitual offender, a class E felony. Tenn. Code Ann. § 55-10-616.

The presentence report reveals that the forty year appellant is married and the father of five children. He resides with his wife, her two adult daughters, his ten year old son and his six year old grandson. He not only provides for their financial support but also is current in his court ordered child support for his other minor biological children. The appellant is employed both part-time as a cashier at the Texaco Par Mart and full-time as a "floater" at Fibertek, Inc. The appellant has been employed by Fibertek for the past six years. The plant manager submitted a letter on the appellant's behalf recognizing his value as an employee. Additionally, he received an honorable discharge from the United States Navy after four years service and attended Draughon's Junior College.

The appellant has an extensive history of violations of the motor vehicle laws of this state and other states:[1]

| Date of Conviction | Offense | Sentence |
| --- | --- | --- |
| 7/25/95 | DUI-5th Offense | 11/29, suspended after 160 days |
| 7/25/95 | Driving on revoked 4th Offense | 11/29, suspended after 90 days |
| 9/21/92 | DUI (Georgia) | 11/20, 10 days to serve |
| 9/21/92 | Driving on Revoked | 10 days jail, 80 days probation |
| 9/25/91 | DUI-2nd Offense | 11/29, suspended after 45 days |
| 9/25/91 | Driving on Revoked | 2 days |
| 8/23/89 | Driving on revoked | 2 days |
| 4/19/89 | DUI-2nd Offense | 11/29, suspended after 45 days |
| 4/19/89 | Driving on Revoked | 2 days |
| 4/19/89 | Poss. drug paraphernalia | fine |
| 10/09/88 | DUI-1st Offense | 11/29, suspended after 4 days |

**Analysis**

The appellant contends that the trial court erred in not granting him total probation or, in the alternative, a non-incarcerative sentence. When a defendant complains of his or her sentence, we must conduct a *de novo* review with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption, however, "is conditioned upon the affirmative showing in the record that

---

[1]The trial court acknowledged that the criminal convictions included within the presentence report do not include those convictions necessary to declare the appellant a motor vehicle habitual offender.

the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Because the record reflects that the trial court properly considered the principles of sentencing, the sentence on appeal is afforded the presumption of correctness. Additionally, the burden of showing that the sentence imposed is improper is upon the appealing party. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401(d).

In ordering a sentence involving partial confinement, the trial court made the following observations:

> the record before me cannot be explained away . . .there is not an adequate explanation that can be made. . . in 1990 you did in fact appear in person and were declared a Motor Vehicle Habitual Offender. . . . in 1989, you were convicted of DUI and driving on a revoked license and were on probation . . . in 1991 you were convicted of DUI and driving on a revoked license, because this was your second offense you would have lost your license for a minimum period of two years, within a year, in 1992, you were convicted of DUI and again would have lost your license for a period of time and in 1995 you were convicted of DUI, fifth offense and driving on revoked, fourth offense, at which point you lost your privilege to drive again for a minimum period of three years. There is no doubt whatsoever that you have not been able to drive under a number of different conditions, there is no doubt that you have known this, . . . there is no doubt that you have failed to abide by the law. . . . Until you abide by the law for the term that is set aside you are not likely to get your license back and every time the penalty or potential penalty is going to get worse.
> . . .
> . . . notwithstanding your current stable family history and current stable work history . . . you have been placed on probation [before]. . . [and that has] not been successful. You were not revoked but you testified that you violated the conditions of probation. . . [in effect] your license has been double revoked. . . and none of that has stopped you from driving so measures less restrictive have been applied both frequently and fairly recently they didn't work . . . you have not indicated a great potential for rehabilitation . . . you do not have another kind of criminal history . . . but . . . your actions are a continued slap in the face to the authority of the system to impose a penalty upon you which is meaningful and that is what the problem is . . . your candid and respectful words. . . are contradicted by your . . . actions.[2]

---

[2]The trial court's findings echo the legislative public policy consideration for the prosecution of habitual motor vehicle offenders :" [To] [d]eny the privilege of operating motor vehicles on such highways to persons who by their conduct and record have demonstrated their indifference to the safety and welfare of others and their disrespect for the laws of the state." Tenn. Code Ann. § 55-10-602(2).

The court, with full consideration of the appellant's family, employment, and criminal history, denied the appellant total probation, imposing a sentence of ninety days confinement in the county jail with the remainder of the two year sentence to be served in the community corrections program.

Upon *de novo* review, we conclude that the record fully supports the trial court's denial of total probation. The factors related by the trial court are appropriate considerations for imposing a sentence of incarceration. It is overwhelmingly apparent from our review of the appellant's presentence report, the appellant's testimony at the sentencing hearing, and the trial court's findings that measures less restrictive than confinement have recently and frequently been applied unsuccessfully to the appellant. See Tenn. Code Ann. § 40-35-103(1)(A) and 1(C) (1997); Tenn. Code Ann. § 40-35-103(5). We conclude that (1) the appellant has failed to carry his burden of showing that he is entitled to total probation and (2) that the record supports the trial court's conclusion that some period of confinement is necessary.

Based upon the foregoing, the sentencing decision of the trial court is affirmed.